**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



FILED

JAN 1 4 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**ABDI RAZAQ ABSHIR OSMAN,**

**Petitioner,**

v.                                                    **CRIMINAL ACTION NO. 2:10-cr-57(5)**

**UNITED STATES OF AMERICA,**

**Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Abdi Razaq Abshir Osman's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 469. Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 10, 2010, Petitioner and co-defendants attempted to commit piracy on a United States Navy vessel – the USS Ashland. ECF No. 140 at 4. The defendants approached the USS Ashland in a small skiff in the Gulf of Aden and the fired AK-47s at the USS Ashland. *Id.* In response, the USS Ashland returned fire, destroying the skiff, and killing one of the passengers. *Id.* Crew members of the USS Ashland then took defendants into custody. *Id.*

On April 21, 2010, Petitioner was one of several defendants named in a five-count Indictment charging defendants with Piracy and firearm related offenses. ECF. No. 3. On July 7, 2010, the Government filed an eight-count Superseding Indictment. ECF No. 72. On June 9, 2010,

Petitioner's counsel, Trey R. Kelleter, filed a Motion to Dismiss the firearm related charges in the Indictment. ECF No. 50. Petitioner's counsel also joined a Joint Motion to Dismiss Count One of the Indictment charging defendants with Piracy, in violation of 18 U.S.C. § 1651. ECF No. 51.

On August 17, 2010, the Court granted Defendants' Joint Motion to Dismiss Count One of Indictment. ECF No. 94. On May 23, 2012, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") vacated the district court order. ECF No. 136. Thereafter, the Government filed a Second Superseding Indictment reinstating the Piracy count in a ten-count Indictment. ECF No. 140. Petitioner was charged with nine counts: Conspiracy to Commit Hostage Taking (Count One), Conspiracy to Commit Kidnapping (Count Two), Conspiracy to Perform Act of Violence Against Persons on a Vessel (Count Three), Conspiracy Involving a Firearm and a Crime of Violence (Count Four), Piracy under the Law of Nations (Count Five), Attack to Plunder Vessel (Count Six), Assault with a Dangerous Weapon on Federal Officers and Employees (Count Seven), Act of Violence Against Persons on a Vessel (Count Eight), and Use of a Firearm During a Crime of Violence (Count Ten). *Id.* at 2–13.

On February 15, 2013, Petitioner's counsel filed a Motion in Limine to exclude evidence of alleged admissions noticed by the United States. ECF Nos. 185, 186. During trial, Petitioner's counsel also filed an objection to the government's use of testimony by an expert on piracy. ECF No. 197. On February 27, 2013, after a six-day jury trial, Petitioner was convicted on all counts. ECF No. 210. On March 13, 2013, Petitioner's counsel joined a Joint Motion on behalf of all defendants for Judgement of Acquittal based on insufficient evidence to sustain defendants' convictions. ECF No. 222. That same day, Petitioner's counsel joined a Motion to Dismiss Count Two of the Superseding Indictment, Conspiracy to Commit Kidnapping, arguing that Count One

2

and Count Two were multiplictous. ECF No. 223. The Court denied both motions. ECF No. 244. On May 14, 2014, Petitioner was sentenced to 240 months imprisonment. ECF Nos. 268, 276.

Petitioner appealed his conviction and the United States appealed the sentence on the Piracy count (Count Five). ECF Nos. 287, 293. The Fourth Circuit affirmed the conviction, but reversed the sentence on the Piracy Count, concluding that mandatory life sentences under 18 U.S.C. § 1651 do not violate the Eighth Amendment. ECF Nos. 342, 343; *see also United States v. Said*, 798 F.3d 182, 200 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 2448 (2016). Following a remand for resentencing, the Court resentenced Petitioner to life imprisonment on the Piracy count plus 360 months consecutive. ECF Nos. 376, 384. Petitioner appealed again, and the Fourth Circuit affirmed. ECF Nos. 394, 431–432; *see also United States v. Osman*, 705 F. App'x 190 (4th Cir. 2017).

On March 15, 2019, Petitioner filed his *pro se* § 2255 Motion. ECF No. 469. The Government responded in opposition on August 9, 2019. ECF No. 492. Petitioner replied by letter asking the Court to reevaluate his sentence for Use of a Firearm During a Crime of Violence (Count Ten). ECF No. 499. On November 15, 2019, Petitioner filed an updated memorandum in support of his § 2255 Motion. ECF No. 508.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### B. Ineffective Assistance of Counsel Claim

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just

4

outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* To demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

If a petitioner cannot meet either component of the *Strickland* test, the ineffective-assistance claim will fail. *See id.* at 700. Additionally, the Court need not address both components of the test if the petitioner makes an insufficient showing on one prong. *Id.* at 697.

### III. DISCUSSION

Petitioner raises three grounds for relief in his initial § 2255 Motion. ECF No. 469. First, Petitioner argues ineffective assistance of counsel. *Id.* at 4. Specifically, Petitioner argues that his counsel allowed unsubstantiated evidence to be submitted, and that his counsel failed to challenge testimonial and circumstantial evidence. *Id.* at 5. Second, Petitioner argues that his counsel's failure to contest unsubstantiated evidence resulted in a due process violation. *Id.* Third, Petitioner argues actual innocence. *Id.* In his supplemental memorandum and letter to the Court, Petitioner also challenges his conviction for Use of a Firearm During a Crime of Violence (Count Ten) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) regarding 18 U.S.C. § 924(c)(1)(A) and its residual clause. ECF Nos. 477, 499. The Court will address each claim in turn.

### A. Ineffective Assistance of Counsel

Petitioner argues his counsel allowed unsubstantiated evidence to be submitted and that his counsel failed to challenge testimonial and circumstantial evidence. ECF No. 469 at 4–5. Petitioner also claims that his counsel did not place the Government's case to the adversarial process. *Id.* In his updated supporting memorandum, Petitioner sets forth several points in which he argues his counsel failed to adequately represent him. ECF No. 508. Specifically, Petitioner claims his counsel failed to challenge the elements of conspiracy, file a motion for severance, and challenge the validity of the indictment. ECF No. 508 at 1–4. Finally, Petitioner alleges that his counsel had a "conflict of interest demonstrated by the counsel of record where the counsel's interests lie elsewhere other than with the Petitioner." *Id.* at 2.

6

The record strongly reflects that the performance of Petitioner's counsel did not fall below an objective standard of reasonableness and therefore fails the *Strickland* test. The record contradicts the allegation that Petitioner's counsel failed to challenge the elements of conspiracy. On June 9, 2010, Petitioner's counsel filed a Motion to Dismiss Counts Three, Four, and Five of the Indictment. ECF No. 50. Counts Four and Five were conspiracy related charges and Petitioner's counsel argued that the Government failed to provide sufficient evidence to support the conspiracy charges. *Id.* The record also contradicts the allegation that Petitioner's counsel failed to challenge testimonial and circumstantial evidence. For example, Petitioner's counsel filed a Motion in Limine to exclude from evidence the alleged admissions noticed by the United States that relate to events outside of the allegations contained in the Indictment. *See* ECF Nos. 185, 186. During trial, Petitioner's counsel also moved to exclude from evidence the Government's expert testimony. *See* ECF No. 197. Furthermore, Petitioner's counsel made several challenges to the Indictment such as filing motions to dismiss Counts Three, Four, and Five, and filing a motion to dismiss the Piracy Count. *See* ECF No. 50, 51. Petitioner's counsel effectively dismissed the piracy charge initially, and on appeal from the Government, Petitioner's counsel thoroughly litigated the issue to the Fourth Circuit. ECF Nos. 94, 136. Thus, Petitioner's claim that his counsel did not place the Government's case to the adversarial process finds no support in the record.

Petitioner's claim that counsel failed to file a severance motion and therefore constituted ineffective assistance of counsel is also without merit. *See* ECF No. 508. Rule 14 of the Federal Rules of Criminal Procedure provides that a district court may grant severance if it appears a defendant may be prejudiced. However, a group of defendants can be charged in the same indictment if they are alleged to have participated in the same act. Fed. R. Crim. P. 8(b). Therefore, it is well within the discretion of the district court to determine severance of a trial. Given this

7

discretion, Petitioner's counsel is not deficient for failing to request severance because the indictments against Petitioner and co-defendants allege that they were all involved in the same acts. Thus, Petitioner's counsel's decision not to request severance where there was no indication in the record of prejudice, does not fall below an objective standard of reasonableness. Even if counsel's failure to file a motion for severance did constitute deficient performance, this failure to file would not amount to prejudice in this case, and therefore fails the *Strickland* test.

Finally, Petitioner's claim that his counsel had a conflict of interest where his counsel's interests lie elsewhere other than with the Petitioner finds no support in the record. Petitioner does not specify any facts that indicate what conflict of interest his counsel had that interfered with his representation. The record reflects that Petitioner's counsel zealously advocated for Petitioner. Petitioner's counsel, in an affidavit, denied any corrupt or improper influence of his representation of Petitioner. ECF No. 492-1 at 2. Thus, Petitioner has not met the burden in overcoming the presumption that his counsel's conduct falls "within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner's counsel made strategic decisions before and during trial, and the Court cannot find any factual contentions that would demonstrate Petitioner's counsel's performance was deficient. Because Petitioner failed to meet the test of the deficient performance prong, the Court need not address the prejudice prong. *See id.* at 697.

### B. Due Process

Petitioner argues that his counsel's failure to contest unsubstantiated evidence resulted in a due process violation. ECF No. 469. However, as stated above, the record does not indicate that Petitioner's counsel failed to contest unsubstantiated evidence, or that there was any use of unsubstantiated evidence during trial. Therefore, this claim is without merit.

## C. Actual Innocence

Petitioner also argues actual innocence claiming that "where it was not made available the benefit (sic) of the issues being placed to [] the adversarial process." *Id.* Petitioner fails to provide any factual allegations to support a claim of actual innocence. *See id.* Where Petitioner fails to provide any factual allegations to support this claim, the Court cannot grant such a claim. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir 1992). Furthermore, a claim of actual innocence is best addressed under a § 2241 Motion.

## D. Challenge to Count Ten under 18 U.S.C. 924(c)(1)(A)

Petitioner's final argument is a challenge to his conviction under 18 U.S.C. 924(c)(1)(A). ECF No. 502. Petitioner asks this Court to review whether the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) affects his conviction for Use of a Firearm During a Crime of Violence (Count Ten). ECF No. 499. The Supreme Court held that the "residual clause" in Section 924(c)(1)(A) is unconstitutionally vague. *Davis*, 139 S. Ct. 2323–24. Therefore, a conviction under § 924(c)(1)(A) may only be made if the predicate offense is a "crime of violence" as defined under § 924(c)(3)(A). Under this force clause, an offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's charge under Count Ten is predicated by several counts, including Assault with a Dangerous Weapon on Federal Officers and Employees (Count Seven) and Act of Violence against Persons on a Vessel (Count Eight). ECF No. 140 at 13. One of the elements of Count Seven is that Petitioner "forcibly assault" a federal officer or employee. Federal Jury Practice & Instructions, § 24:03. Count Eight requires that Petitioner commit an "act

of violence" on a United States Navy vessel. 18 U.S.C. § 2291(a)(6). Because Counts Seven and Eight undoubtedly qualify as crimes of violence under § 924(c)(3)(A), Petitioner's challenge to Count Ten fails.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims contradict the record and are not based on any cognizable understanding of the law. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
January /9 , 2020

**Raymond A. Jackson**
**United States District Judge**

10